## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Tiffany Mack
409 Walker Ave
Kansas City, KS 66101

        Plaintiff,

                              Case No. 14-2503

vs.

**KANSAS COUNSELORS, INC**
serve:
Catherine J. McMillan
100 N Main, Ste 700
Wichita, KS 67202

**EQUIFAX INFORMATION SERVICES, LLC**
serve:
Corporation Service Company
2900 SW Wanamaker Drive, Ste 204
Topeka, KS 66614

        Defendants.

## COMPLAINT

    COMES NOW Plaintiff Tiffany Mack, by and through her undersigned counsel, who for the Complaint against Kansas Counselors, Inc ("KCI"), and Equifax Information Services, LLC, states as follows:

### CASE SUMMARY

    1.    Ms. Mack discovered that her Equifax consumer credit report contains a false, negative entry referencing her former KCI collection account. Ms. Mack provided Equifax, who in turn provided KCI, with proof that the information reported was inaccurate. Despite this knowledge, Equifax continued to report inaccurate information provided to them by KCI.

1

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under the Fair Credit Reporting Act ("**FCRA**"), 15 U.S.C. § 1681 and generally under 28 U.S.C. §§ 1331 and 1337.  The events took place in this District.

## PARTIES AND SERVICE

3.     Tiffany Mack resides in Kansas City, Kansas.  She is a "consumer" as defined by FCRA, 15 U.S.C. § 1681a(c).

4.     Defendant Equifax is a corporation defined as consumer reporting agency by the FCRA, 15 U.S.C. § 1681a (f).

5.     Defendant Equifax may be served at their registered agent: Corporation Service Company, 2900 SW Wanamaker Drive, Suite 204, Topeka, KS 66614.

6.     Defendant KCI can be served to Catherine J. McMillan, 100 N Main, Suite 700, Wichita, KS 67202.

7.     KCI transmits information to consumer reporting agencies regarding the status and condition of the consumer credit accounts.

8.     As such, Defendant KCI is as a furnisher under the FCRA, 15 U.S.C. § 1681.

## FACTUAL ALLEGATIONS

9.     In September 2009, KCI was assigned to collect on one of the Plaintiff's medical bills.

10.     Plaintiff had become insolvent and decided to file for bankruptcy.

11.     Therefore, in November 2010, Ms. Mack filed for chapter 13 bankruptcy relief in the Western District of Missouri, case number 10-23898.

12.     KCI was included in Ms. Mack's bankruptcy schedules.

13.     In January 2014, Ms. Mack received a discharge in her chapter 13 bankruptcy.

14.     A few months later, the Plaintiff reviewed her credit reports.

15.     Upon review of her Equifax credit report, Ms. Mack found that KCI was still reporting a collection account with a balance of $228.00.

16.     On June 6, in an attempt to resolve this error, Ms. Mack sent a dispute letter to Equifax requesting an investigation of the KCI account.

17.     The dispute letter details the KCI account number listing the $228 balance.

18.     The bankruptcy case summary was included in with the dispute letter.

19.     As required under the FCRA, Equifax notified KCI of Ms. Mack's dispute.

20.     The results of Equifax's investigation were produced on June 11, 2014.

21.     Equifax verified the balance owed on the KCI account to be $228.

22.     Both Defendants failed to review and consider the relevant information submitted by Ms. Mack.

23.     Both Defendants failed to conduct a reasonable investigation in response to Ms. Mack's dispute letter concerning her KCI account.

24.     As a result of the Defendants' actions, Ms. Mack suffered actual damages, including:

    a.  Damage to her credit rating;

    b.  Cost of postage and certified mail in the amount of $3.79;

    c.  Hindrance to ability to enjoy her fresh start;

    d.  Lost time, stress, aggravation, frustration and inconvenience;

## CLAIMS FOR RELIEF

## COUNT I - VIOLATION OF THE FCRA, 15 U.S.C § 1681, *et seq*. (KCI)

25.     Ms. Mack incorporates by reference each and every prior paragraph of this Complaint.

26.     Under the FCRA, after receiving notice of Ms. Mack's dispute, KCI is required to investigate the accuracy of the consumer's account.

27.     KCI failed to review and consider all relevant information submitted by Ms. Mack, and failed to conduct a genuine and reasonable investigation.

28.     Therefore, KCI incorrectly verified that Ms. Mack's account had an outstanding balance of $228.

29.     A minimally reasonable investigation of Ms. Mack's account would have discovered the error of reporting a $228 outstanding balance discharged in the bankruptcy.

30.     KCI's failure to conduct a reasonable investigation upon the receipt of Ms. Mack's dispute constitutes a willful violation of the FCRA.

31.     Under the FCRA, Ms. Mack is entitled to the greater of actual damages or statutory damages; punitive damages; costs and reasonable attorneys' fees.


## COUNT II - VIOLATION OF THE FCRA, 15 U.S.C § 1681, *et seq*. (Equifax)

32.     Ms. Mack incorporates by reference each and every prior paragraph of this Complaint.

33.     As a credit reporting agency, Equifax is aware that a collection account discharged in bankruptcy should be reported with a zero balance.

34.     The Plaintiff's account listed that it was included in bankruptcy.

4

35.     However, Equifax failed to update the balance to $0.

36.     Equifax failed to maintain reasonable procedures to ensure the maximum possible accuracy of the reported consumer credit information.

37.     Further, Equifax failed to review and consider all relevant information submitted by Ms. Mack, and failed to conduct a genuine and reasonable investigation.

38.     If Equifax would have conducted even a minimally reasonable investigation of Ms. Mack's account, they would have updated the account to properly reflect Ms. Mack's outstanding balance as zero.

39.     Equifax's failures to both maintain procedures to ensure accuracy and conduct a reasonable investigation when disputed constitute a willful violation of the FCRA.

40.     Under the FCRA, Ms. Mack is entitled to the greater of actual damages or statutory damages; punitive damages; costs and reasonable attorneys' fees.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tiffany Mack respectfully requests this Court award the following:

    A.     the greater of actual or statutory damages;

    B.     punitive damages against Defendant KCI;

    C.     punitive damages against Defendant Equifax;

    D.     attorneys' fees and costs of this action;

    E.     such other relief as may be deemed just and proper;

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

## DESIGNATION OF PLACE OF TRIAL

Please take notice that Plaintiff requests trial to be located in Kansas City, Kansas.


Respectfully Submitted by:

By: */s/ Ryan D. Knipp*    _
Ryan D. Knipp #58782
Ryan B. Patton #78155
Patton & Knipp, LLC
12760 W 87th St Pkwy, Suite 108
Lenexa, KS 66215
Phone: (913) 495-9998
Fax: (888) 720-1985
rknipp@pattonknipp.com
rpatton@pattonknipp.com

**COUNSEL FOR PLAINTIFF**